IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Civil Case No. l6-80964-CV-MIDDLEBROOKS
District Judge: The Honorable Donald M. Middlebrooks
Magistrate Judge: The Honorable Dave Lee Brannon

**CROCS, INC.**, a Delaware corporation;

    *Plaintiff*,

vs.

**CVS Health Corporation**, formerly known as **CVS Caremark Corporation**, a Delaware corporation; and **CVS Pharmacy, Inc.**, a Delaware corporation

    *Defendants*.

## PLAINTIFF CROCS, INC.'S OPPOSITION IN PART TO CVS HEALTH CORPORATION AND CVS PHARMACY, INC.'S MOTION TO STAY AND/OR TRANSFER

**I.     INTRODUCTION**

Plaintiff Crocs, Inc. ("Crocs") agrees that the appropriate course of action is to stay this matter while Crocs's lawsuit against the manufacturer of the accused products proceeds. Crocs submits this Opposition in Part to provide its perspective on a stay, as well as to respond to alternative bases for a stay asserted in Defendants' CVS Health Corporation and CVS Pharmacy, Inc.'s (collectively, "CVS") Motion, ECF No. 28 ("Mot.").

At the same time, if the Court declines to stay the matter, it should not transfer the case to Rhode Island. Crocs initially sought to litigate these claims as part of ongoing litigation in Colorado against the manufacturer of the infringing shoes, and even offered to dismiss CVS, so long as CVS agreed to provide discovery and the manufacturer took responsibility for the

infringing sales. CVS refused, necessitating that this lawsuit be filed where infringing goods were sold. Having demanded litigation outside of Colorado, CVS requests to litigate in Rhode Island solely for sake of its own preference, yet none of the relevant factors favor litigation there. Because CVS has failed to prove that the interests of justice require transfer, the motion to transfer should be denied.

## II.   PROCEDURAL HISTORY AND BACKGROUND

For over ten years, Crocs has been engaged in patent litigation against U.S.A. Dawgs, Inc. and its Canadian affiliate Double Diamond Distribution, Ltd. (collectively, "Dawgs"). Dawgs manufactures the infringing shoes sold by CVS. From 2006 to 2012, Crocs sought relief from the U.S. International Trade Commission ("ITC") to prevent Dawgs's importation of infringing footwear. In the course of those proceedings, the Federal Circuit affirmed the validity of Crocs's patents, which Dawgs was found to infringe. *See Crocs, Inc. v. ITC*, 598 F.3d 1294, 1306, 1311 (Fed. Cir. 2010); *In re Certain Foam Footwear*, Inv. No. 337-TA-567, USITC Pub. 4260 (ITC Oct. 1, 2011), *available at* 2011 WL 5997932, at *3.

In a separate district court action in Colorado, Crocs sought money damages against Dawgs and others for their infringement, in Civil Action No. 06-cv-00605-PAB-KMT (the "Colorado Action"). *See* Complaint ¶22, ECF No. 1. From 2006 to 2012, the Colorado Action was stayed in favor of ITC proceedings. When the stay was lifted in mid-2012, Crocs sued CVS in Colorado for its sale of infringing Dawgs footwear. *Id.*[1] Crocs's lawsuit against CVS lawsuit was consolidated with the Colorado Action. *Id.* ¶23. However, all litigation was stayed on Dawgs's

---

[1] Crocs believes that between 2006 and 2012, CVS had retail pharmacy locations in Colorado, a Pharmacy Benefit Management office in Colorado, and a CarePlus Pharmacy located in Denver, making the exercise of jurisdiction in Colorado reasonable as of the time the lawsuit was filed. Complaint ¶22, ECF No. 1. And because patent infringement claims relating to the same Dawgs footwear sold by CVS were already pending in Colorado, judicial economy was best served by having all claims relating to Dawgs's footwear pending before the same court.

motion in 2012, due to Dawgs's requests that the U.S. Patent Office reexamine Crocs's patents. *Id.* Even though reexamination proceedings were still ongoing in 2016, Dawgs then requested that its stay of litigation be *lifted*. The Court granted Dawgs's request on April 21, 2016. *Id.* ¶24.

After the stay was lifted, CVS moved to dismiss the claims against it for lack of personal jurisdiction. *Id.* While the exercise of jurisdiction would have been reasonable as of 2012, in 2014 the Supreme Court issued a decision in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), narrowing the circumstances under which personal jurisdiction may be found. To conserve judicial resources and avoid the pendency of multiple cases, Crocs proposed to dismiss its claims against CVS without prejudice if Dawgs and CVS stipulated that (1) all shoes sold by Dawgs to CVS during all time periods were sold by Dawgs to CVS within the United States (to ensure jurisdiction over the sales); (2) Dawgs would retain samples of each shoe sold to CVS and documents sufficient to show revenue and volume of all sales of shoes to CVS; and (3) CVS would not rely on its status as a non-party to the Colorado litigation as a basis to object to discovery served on it in the Colorado case. Complaint ¶25, ECF No. 1.

CVS and Dawgs refused Crocs's proposal. *Id.* Accordingly, Crocs filed its Complaint against CVS on June 10, 2016 in this Court, which encompasses the district where the infringing shoes were sold and offered for sale. *Id.* Crocs has sued CVS for selling shoes that infringe both Crocs's '789 patent and its '465 patent.

### III.  ARGUMENT

#### A.  Crocs Agrees That Judicial Efficiency And Minimizing The Risk Of Inconsistency Is Best Served By Staying This Matter In Favor Of The Colorado Lawsuit.

While differing on rationale, both parties to this matter agree that a stay is appropriate. Crocs maintains that this matter should be stayed during the pendency of its suit against Dawgs in Colorado, which is where Crocs is seeking to resolve its claims against the manufacturer of the

CVS shoes. The Colorado Action is capable of resolving CVS's liability for selling infringing Dawgs footwear.[2] Upon the conclusion of that case, the only remaining issues to be addressed here will likely be the calculation of damages against CVS and execution of judgment, given the risk that Dawgs may be incapable of indemnifying CVS for the full amount of damages for its infringement. Indeed, CVS has conceded that if Crocs prevails in the Colorado litigation, CVS will be bound by that judgment and "the only remaining issue for the instant action will be a determination of damages" against CVS. Mot. at 9. For these reasons, Crocs agrees that a stay is appropriate and requests that the Court grant a stay in this matter pending the resolution of Case No. 06-cv-00605-PAB-KMT in Colorado.[3]

For the same reason—that CVS will be liable for damages as a retailer and Dawgs may not be able to satisfy a judgment for the damages caused by CVS—Crocs submits that a dismissal of this action without prejudice during the pendency of the Colorado matter would work an injustice on Crocs. Under the patent statutes, Crocs is permitted to seek damages for up to six years of pre-suit infringement. A dismissal of this matter pending the Colorado action, instead of a stay pending

---

[2] While the '789 patent is already a part of the Colorado Action, since June 28, 2016, Crocs has been seeking to amend its complaint to add the '465 patent, the other patent asserted against CVS in this case. Dawgs has opposed that request, and thereafter filed a separate declaratory judgment lawsuit relating to the '465 patent in the District of Nevada, on July 18, 2016. *See* Mot. at 4-5. Regardless of whether the Colorado or Nevada Court ultimately decides Dawgs's infringement of the '465 patent, it would be duplicative for this Court to do so as well.

[3] CVS asked that Crocs agree to a "non-opposition" of its motion to stay in exchange for CVS dropping its request to transfer. Crocs did not agree because Crocs does not agree that the customer suit exception applies to this matter where CVS refused to cooperate in the consolidated Colorado litigation. *See Heinz Kettler GmbH & Co. v. Indian Indus., Inc.*, No. 2:08cv168, 2008 WL 4194880, at *2 (E.D. Va. Sept. 10, 2008) (in joint suit against manufacturer and sellers of accused product, denying motion to stay claims under customer-suit exception as judicial economy would not be served by staying the action against one party). Crocs also does not believe that a stay in favor of any proceedings at the Patent Office is appropriate, where the manufacturer here expressly argued that the Patent Office proceedings should not stay any underlying question of infringement. Complaint ¶24, ECF No. 1. Crocs does, however, agree that a stay in favor of the Colorado litigation is appropriate, as discussed above. Crocs offered to agree to that stay prior to filing this response, but CVS never responded.

the Colorado action, could limit Crocs's ability to seek restitution for CVS's infringement at the conclusion of the Colorado case.

Crocs recognizes that a stay in favor of the Colorado Action will leave this matter unresolved in this Court for an indefinite time period, and that this will create an administrative burden for this Court.  Crocs respectfully requests that the Court nevertheless grant the stay, rather than require a dismissal, so that the question of infringement can be resolved efficiently in the preexisting matter without risk of inconsistent judgments without Crocs losing its right to seek damages from CVS at the end of the day.

> **B.    The Court Should Not Transfer This Case to Rhode Island, Which Is Not An Appropriate Or Convenient Forum To Try This Case.**

Regardless of whether the Court stays this matter, a transfer to Rhode Island is not warranted.  *See* Mot. at 2 (arguing in the alternative for a transfer).  CVS has failed to show that convenience or the interests of justice favor a transfer.  Each factor strongly favors litigation in this forum or Colorado, where the suit against Dawgs is already pending.

CVS bears the burden of showing facts demonstrating an entitlement to transfer.  *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).  This burden is high: Crocs's choice of forum "should not be disturbed unless it is clearly outweighed by other considerations."  *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (internal quotation marks and citation omitted); *accord Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001) ("Transfer can only be granted where the balance of convenience of the parties *strongly favors* the defendant.") (emphasis in original; citations omitted).  Not only must CVS show that this lawsuit could have been filed in another venue, it must also show that "convenience and the interest of justice require transfer to the requested forum."  *Rothschild Storage Retrieval Innovations, LLC v. Sony Mobile Commc'ns (USA) Inc.*, No. 14-CIV-22652, 2015 WL 224952, at

*2 (S.D. Fla. Jan. 15, 2015) (citations omitted).[4]  CVS has not, and cannot, show that convenience or the interests of justice favor transfer.

### 1. Dawgs Has Made No Showing That Any Public Interest Factor Weighs In Favor Of Transfer.

Courts have broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  Specifically, the public interest factors courts consider include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness in burdening citizens in an unrelated forum with jury duty."  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (internal quotation marks omitted).

Here, Dawgs has made <u>zero</u> showing that this Florida Court is congested, that Rhode Island has some local interest in deciding this case, that adjudication in Rhode Island is necessary to avoid problems in conflicts of laws given that this case will involve application of federal patent law, or any of the other relevant public interest factors.  To the contrary, the public's interest in the location of this dispute rests, if with any jurisdiction, in Florida or Colorado.  The litigation over the '789 patent has been ongoing for over a decade in the District of Colorado, which is Crocs's home.  Mot. at 8 ("The '789 patent has already passed a decade of ongoing litigation between Crocs and

---

[4] Crocs does not dispute that the patent venue statute (28 U.S.C. § 1400(b)) allows suit to be brought in any venue in which the defendant has committed acts of infringement or otherwise may be subjected to personal jurisdiction.

Dawgs[.]"). And, CVS's infringement has occurred in this District. There is no showing that Rhode Island has any interest in any aspect of this matter.

### 2. Dawgs Has Made No Showing That Any Private Interest Factor Weighs In Favor Of Transfer.

The private-interest factors to be considered include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Am. Dredging Co. v. Miller,* 510 U.S. 443, 448 (1994) (citation omitted); *Membreno v. Costa Crociere S.p.A.,* 425 F.3d 932, 937 (11th Cir. 2005). Here, CVS's motion seeks to transfer this case to the place that is claimed to be more convenient for CVS, but where there is zero evidence that there is actually any convenience for anyone in Rhode Island.

CVS states that it is headquartered in Rhode Island, and says its witnesses and "sources of proof" will be there. Mot. at 11-12. But CVS provides no factual support for this assertion. Instead, with its Motion, CVS submitted a copy of a declaration it had previously submitted in Colorado directed to issues of personal jurisdiction for only one of the CVS parties, CVS Health Corporation, as it concerned that entity's connection to Colorado. Declaration of Thomas S. Moffatt ¶¶2-11, ECF No. 28-1. It is completely silent on the relevant issues as to CVS Pharmacy, Inc., despite acknowledging that CVS Pharmacy is a subsidiary of CVS Health. *Id.* ¶3[5]. It does not indicate where sales records or communications relevant to sales from CVS's Florida stores

---

[5] Several days *after* filing its Motion, and without seeking leave, CVS submitted a second declaration by the same individual, yet this did not add any details relevant to the transfer factors. *See* ECF No. 35-1. In fact, the second declaration does not even identify which CVS entity owns and operates the Florida stores that sold and advertised the infringing footwear, nor where relevant witnesses are located or records are kept. *Id.* ¶5 ("The CVS/pharmacy retail stores are owned and operated by CVS Pharmacy, Inc. *or its subsidiaries*.") (emphasis added).

are kept, where expected witnesses are located, and how their testimony would be relevant. Rather, CVS asks the Court to assume all of this by way of lawyer argument asserting that "all of the alleged infringer's witnesses, documents, and other 'sources of proof' are *expected to be found*" in Rhode Island. Mot. at 12 (emphasis added). Such vague statements fall far short of CVS's burden. "The party seeking the transfer must support its motion by clearly specifying the key witnesses to be called and particularly stating the significance of their testimony." *Mason*, 146 F. Supp. 2d at 1362 (citation omitted); *see also Carroll v. Texas Instruments, Inc.,* 910 F. Supp. 2d 1331, 1336 (M.D. Ala. 2012) (denying alleged infringer's motion to transfer where "after making these broad and vague statements, [defendant] has not gone the further step of helping the court to make an educated guess of which and how many of these employees will be likely trial witnesses"); *Chambers v. Cooney,* No. CIV. A. 07-0373-WS-B, 2007 WL 2493682, at *14 (S.D. Ala. Aug. 29, 2007) (denying motion to transfer where moving party had "not demonstrated that these witnesses and documents are substantially likely to be concentrated in Minnesota, so as to tip the balance of justice and convenience in favor of that forum.").

Although CVS says "[t]he decision to carry the accused product was made in" Rhode Island (Mot. at 13), it provides no factual support for this assertion, nor an explanation why this decision is relevant to a claim or defense. Even if CVS had actually identified a witness located in Rhode Island, and then explained why "the decision to carry the accused product" would require that witness to testify in a trial, it does not matter: "the court accords very little weight to the convenience of employee witnesses because these witnesses are under the control of their employer and presumably will be available at trial, irrespective of where the trial is held." *Datascape, Inc. v. Kyocera Wireless Corp.,* No. 1:05-CV-1651-CC, 2006 WL 8411935, at *4 (N.D. Ga. Sept. 12, 2006) (denying motion to transfer). And Section 1404(a) "provides for transfer

to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient," so even if there were relevant documents or witnesses in Rhode Island, that would only mean "neither forum provides a clearly more convenient solution." *Omega Patents, LLC v. Lear Corp.*, No. 6:07–cv–1422-Orl-35DAB, 2009 WL 1513392, at *3 (M.D. Fla. May 27, 2009). In short, the only support for transfer is that Rhode Island is CVS's principal place of business. That alone is not a sufficient basis. *See, e.g.*, *Carroll*, 910 F. Supp. 2d at 1334 (denying motion to transfer where alleged infringer argued that it would be inconvenienced by having to litigate somewhere other than its principal place of business).

  CVS's purported legal authority is irrelevant: CVS relies on two cases where the matter was transferred to the forum where the accused product was designed and developed. Mot. at 13 (citing *Trace-Wilco, Inc. v. Symantec Corp.*, No. 08-80877-CIV., 2009 WL 455432, at *4 (S.D. Fla. Feb. 23, 2009), and *In re Mayfonk, Inc.*, 554 Fed. Appx. 943, 944 (Fed. Cir. 2014)). While it is true that "[t]he design, development, marketing, manufacture, and sale" of an accused product are typically the primary issues in a patent infringement action (*Polyform A.G.P. Inc. v. Airlite Plastics Co.,* No. 4:10–cv–43-(CDL), 2010 WL 4068603, at *5 (M.D.Ga. Oct.15, 2010)), the accused shoes in this case were not designed or developed in Rhode Island, where the retailer's headquarters are located. Indeed, CVS has put forward no evidence as to where the accused products were developed, only submitting, by way of lawyer argument, that "the accused products in this case are manufactured by Dawgs, a Nevada based company." Mot. at 13. CVS's cases are irrelevant to whether this case should be transferred to Rhode Island as opposed to litigated in Crocs's chosen forum.

  Finally, CVS says the lawyers on both sides are based in Las Vegas or San Francisco, and have appeared *pro hac vice*. That argument is not convincing. To transfer on such grounds would

render *pro hac vice* admission meaningless and would imply that transfer is required in any case involving out-of-state counsel. Indeed, this is why "convenience to counsel 'is generally not an appropriate consideration' in a 1404(a) transfer motion." *Cellularvision Tech. & Telecomms., L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1190 (S.D. Fla. 2007) (citation omitted); *Andersons v. Enviro Granulation, LLC,* No. 8:13-cv-3004-T-33MAP, 2015 WL 2025590, at *9 (M.D. Fla. Apr. 30, 2015) ("Although Defendants also maintain that lead counsel for both sides in located in Michigan, the convenience of litigation counsel is not relevant.").

The bottom line: CVS provides no plausible reason why any of the private or public interest factors weigh in favor of transfer, let alone that justice requires it.[6] The Motion to transfer should be denied.

## IV. CVS'S BASELESS FEE REQUEST SHOULD BE DENIED

CVS's one-sentence request for attorney's fees and costs "incident to preparing and filing this motion" (Mot. at 14) should not even merit the Court's consideration, as CVS has failed to provide legal or factual support.

## V. CONCLUSION

Crocs respectfully requests that the Court stay this matter during the pendency of the Colorado Action. The Court should deny CVS's motion to transfer this case to Rhode Island.

---

[6] In fact, much of CVS's Motion rests on name-calling and claims about Crocs's intent, such as that Crocs chose Florida as the "most remote and inconvenient possible venue for any involved party" to create "duplicative, ancillary and unnecessary litigation[.]" Mot. at 1, 5. The procedural history disproves such unfounded accusations. By resisting efficient consolidated litigation in Colorado, Dawgs and CVS—not Crocs—necessitated this separate lawsuit. *See* Compl. ¶25, ECF No. 1. In any case, such invective has no relevance to the merits.

Dated:  August 26, 2016                           **Respectfully Submitted By:**

/s/Gerald E. Greenberg
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
FREDDY FUNES
Florida Bar No. 87932
ffunes@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Telephone:  (305) 728-0950
Facsimile:  (305) 728-0951

*and*

Michael A. Berta (admitted *pro hac vice*)
ARNOLD & PORTER LLP
Three Embarcadero Center, Tenth Floor
San Francisco, CA 94111
Telephone:  (415) 471-3277
Facsimile:  (415) 471-3400
Email: Michael.berta@aporter.com

*Attorneys for Crocs, Inc.*

## CERTIFICATE OF FILING AND SERVICE

**I HEREBY CERTIFY** that on this 26th day of August 2016, a true and correct copy of the foregoing is being electronically filed with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Gerald E. Greenberg*_____
GERALD E. GREENBERG


Edward F. McHale (FBN 190300)
Brian M. Taillon (FBN 678635)
Andrew D. Lockton (FBN 115519)
McHALE & SLAVIN, P.A.
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
Telephone: (561) 625-6575
Facsimile: (561) 625-6572
E-mail: litigation@mchaleslavin.com

Brian J. Elliott (pro hac vice)
4120 W Windmill Ln., #106
Las Vegas, Nevada 89139
Telephone: (702) 530-4529
E-mail: bje@brianelliottlaw.com

*Attorneys for Defendants*
*CVS Health Corporation and CVS Pharmacy, Inc.*